## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| BILLY DAVID JOHNSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 05-4022-CV-C-NKL-P |
| ) | Crim. No.98-04028-01-CR-C-NKL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISMISSING CASE WITH PREJUDICE**

Movant has filed, pursuant to 28 U.S.C. § 2255, a motion to vacate, set aside, or correct his sentence in the above-captioned federal criminal case. Movant maintains that the Supreme Court's recent decision in United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), is a new watershed rule of criminal procedure that should be applied retroactively to his sentence. According to movant, applying Booker to his case would result in a lesser sentence because the district court should not have enhanced his criminal sentence based on movant's prior criminal conviction as set forth in his pre-sentence report without submitting it to a jury to be found beyond a reasonable doubt and without movant's admission in his guilty plea. Doc. No. 1, pp. 5-6.

On October 5, 1998, movant entered a guilty plea to Counts One and Three of the Indictment, and movant was sentenced to 240 months imprisonment on January 22, 1999, pursuant thereto. Movant did not file a direct appeal or has not filed any previous motion pursuant to Section 2255. Consequently, the one-year statute of limitations for movant's Section 2255 motion expired almost five years before he filed

this Section 2255 motion in January, 2005.

Although the Eighth Circuit has not considered the issue, those federal circuit courts that have considered it agree that Booker is not retroactively applicable to cases on collateral review. See United States v. Fowler, ___F.3d ___, 2005 WL 1416002, *1 (4th Cir. June 17, 2005); In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005); In re Hinton, 125 Fed. Appx. 317, **1 (D.C. Cir. 2005); Lloyd v. United States, 407 F.3d 608, 613 (3d Cir. 2005); Guzman v. United States, 404 F.3d 139, 143-44 (2d Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005); Humphress v. United States, 398 F3d 855, 857 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). Because Booker does not constitute a newly recognized right by the Supreme Court "made retroactively applicable to cases on collateral review," movant's Section 2255 motion is untimely filed. See Booker, 543 U.S. ___, 125 S. Ct. at 769 (expressly stating "we must apply today's holdings . . . to all cases on direct review"); Tyler v. Cain, 533 U.S. 656, 663 (2001) ("a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"); United States v. Johnson, No. CR. 402CR3, 2005 WL 170708 (E.D. Va. Jan. 21, 2005) (nothing in Booker made 2255 motion timely).

Moreover, Booker is inapplicable to movant's case because it excluded prior convictions from its holding and because movant's sentence is a statutory – not a Guidelines – sentence. See Booker, 543 U.S. at —, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); United States v. Paz, ___F.3d ___, 2005 WL 1389034, *2 (8th Cir. June 14, 2005); United States v. Vieth, 397 F.3d 615, 620 (8th Cir. 2005). One section of movant's written plea agreement clearly admitted that he had a prior drug

2

felony conviction and that movant understood that by agreeing that he was previously convicted, the punishment for each offense in the indictment would be increased from 10 to 20 years on each count to which he pled. Doc. No. 5, p. 3. In return for the government filing an information alleging only one prior narcotics offense and "refraining from alleging his additional prior felony drug convictions," movant agreed not to appeal or collaterally attack his sentence. Doc. No. 5, p. 4. Similarly, movant agreed in the guilty plea transcript that he had a prior narcotics conviction. Doc. No. 5, pp. 4-5.

Finally, movant admitted in his voluntary motion to dismiss this case without prejudice that he agreed that he would not attack his sentence and that he had admitted to having a prior felony in his written plea agreement. Doc. No. 7, p. 2. Contrary to movant's assertions in his Section 2255 motion, he bargained for a sentence and received the least possible sentence under his bargain. As stated by respondent, "[i]n doing so, the government gave up the right to have a more significant mandatory sentence imposed" and movant "gave up the right to attack his sentence." Doc. No. 5, p. 3.

Accordingly, it is **ORDERED** that movant's motion to vacate, set aside, or correct movant's sentence pursuant to 28 U.S.C. § 2255 is denied, and this case is dismissed with prejudice.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Jefferson City, Missouri,

Dated:  6/23/05            .